[S. F. No. 2393. Department Two.—March 23, 1903.]

LYDIA M. STEVENS, Appellant, v. TRUMAN REEVES, State Treasurer, et al., Respondents.

MUTUAL INSURANCE COMPANY—CANCELLATION OF MORTGAGE—IMPROPER SUBSTITUTION OF SECURITY—WANT OF CONSIDERATION.—The owner of property upon which a mortgage for five thousand dollars has been given to a mutual insurance company on the assessment plan, merely for its accommodation, and for the purpose of being improperly substituted as security in lieu of the five thousand dollars required by the statute to be paid by at least two hundred persons who have applied in writing for membership therein, which mortgage has been transferred to the state treasurer, is entitled to have the mortgage canceled, as a cloud upon his title, where it appears that the corporation has been refused a license to do business, and has transacted no business, and has no moneys, securities, or outstanding contracts, and that the mortgage is wholly without consideration.

ID.—EXISTENCE OF CORPORATION.—The owner of the mortgaged property
is not compelled to wait for the state to dissolve the corporation.
The question of its existence *de jure* or *de facto* is not involved in
the cancellation of the mortgage.

APPEAL from a judgment of the Superior Court of Alameda County.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Denson & Schlesinger, for Appellant.

Tirey L. Ford, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and Crandall, Bull & Barstow, for Respondents.

McFARLAND, J.—A demurrer was sustained to the complaint, and judgment rendered for defendant. Plaintiff appeals from the judgment. The question involved is whether or not the complaint states a cause of action.

The purpose of the action is to have canceled and removed, as a cloud upon plaintiff's title, a certain note and mortgage now held by the defendant Reeves as treasurer of the state of California. It is averred that the defendant, the International Indemnity Company, is, and ever since April 23, 1895, has been, a corporation formed under the general laws of California for the purpose of carrying on the business of mutual insurance, on the assessment plan, under the provisions of an act of the legislature entitled "An act relating to life, health, accident, and annuity or endowment insurance on the assessment plan, and the conduct of the business of such insurance," approved March 19, 1891. (See Stats. 1891, p. 126.) It was averred that the defendant Dusenbury, who is a brother of the plaintiff, was one of the principal incorporators and promoters of the said corporation, and represented to plaintiff that in order to organize and carry on the proposed business of said corporation, it was necessary to deposit security in the sum of five thousand dollars with the state treasurer, and for that purpose he requested her to make and execute the note and mortgage here involved. Thereupon, and without any consideration whatever accruing to plaintiff, but merely on this statement of her brother and

solely for his accommodation as aforesaid, she, on April 23d, gave Dusenbury her promissory note for five thousand dollars, and as security for the same executed to him a mortgage on certain described real property belonging to her and situated in the city of Oakland. This note and mortgage—the note and mortgage here in question—were assigned by Dusenbury to the said corporation, and the latter assigned the same to the state treasurer, who now holds the same as assignee. The corporation took the note and mortgage with full knowledge of all the facts and circumstances under which they were executed. It is averred that "The International Indemnity Company has never at any time conducted or transacted any business whatever under or in accordance with the laws of this state, or with the said act of March 19, 1891, hereinbefore referred to, and has never complied with the requirements of said act necessary to authorize it to transact its said business, and that the insurance commissioner of said state has refused to license or permit the said corporation to conduct, or continue to conduct, or carry on its said business, or any business whatever," and, also, that an action by the people upon the relation of said insurance commissioner, is now pending to enjoin said corporation from doing any business, for its failure to comply with the provisions of said act, and to dissolve the corporation, and that in said action there is an order so enjoining it pending the action. The said act provides, among other things, as follows: "Corporations may be formed under the general laws of this state to carry on the business of mutual insurance upon the assessment plan, and shall be subject only to the provisions of this act. No such corporation shall issue contracts of insurance until at least two hundred (200) persons have applied in writing for membership or insurance therein, and have paid to the treasurer of such corporation the sum of five thousand ($5,000) dollars. This sum shall be invested in bonds or securities, approved by the insurance commissioner of this state, or deposited in some bank in this state where it will earn interest. Said bonds or securities, or evidence of such deposit, shall be placed, through the insurance commissioner of this state, with the state treasurer, and the principal sum shall be held in trust for the contract-holders of such corporation, with the right in the corporation

to exchange said bonds, securities, or evidence of bank deposit, for others of like value. Such corporation shall also, as a condition precedent to issuing any contracts of insurance, obtain the written certificate of the insurance commissioner that it has complied with the requirements of this act;'' and it is averred in the complaint, ''that said International Indemnity Company has never complied with the provisions of the said act of March 19, 1891, nor any other law of the state of California authorizing it to transact business. That the treasurer of said corporation has never received the sum of five thousand dollars from two hundred or more persons who have applied in writing for membership or insurance therein. That no sum of money has ever been invested by or on behalf of said corporation in bonds or securities approved by the insurance commissioner of this state, or at all, nor deposited in any bank in this state or elsewhere, where it would or will earn interest. That no bonds or securities nor evidence of any deposit with any bank at any place have ever been placed or deposited by or on behalf of said corporation, through the insurance commissioner of this state or otherwise, with the state treasurer,'' other than the mortgage in question. It is further averred that for these failures to comply with the act ''the said International Indemnity Company never did acquire the right and never did have power or authority to issue any policy or contract of insurance or indemnity whatever.'' It is further averred ''that there are no contracts whatever of said defendant corporation outstanding with any person or persons.''

We think that the complaint states a cause of action, and that the demurrer should have been overruled. There was, of course, no consideration for the mortgage accruing personally to plaintiff. If we endeavor to look at it as a statutory obligation,—like an undertaking on attachment or appeal,—provided by law to be given to enable another person to enjoy a statutory privilege, it was also without consideration; the act of 1891 makes no provision for such a note and mortgage, given as these were given. Of course, if the mortgage had gone into the hands of the state treasurer regularly, and pursuant to the provisions of the act, the defense here made of want of consideration would not have been available.

The only supposable purpose was to substitute the note and mortgage for the five thousand dollars which must be paid by at least two hundred persons "who have applied in writing for membership or insurance therein;" and it is clear that the act does not allow such substitution. It evidently contemplates that there must be such confidence in the proposed scheme that at least two hundred persons can be found who will apply for membership or insurance and pay in the prescribed amount of money—not that one or two of the promoters can evade that provision by themselves putting up some sort of security. Moreover, if we could imagine that the mortgage ever had any legal value, it has, if the averments of the complaint are true, long since become utterly worthless. The corporation never acquired authority to do any of its proposed business, and it has no outstanding contracts even if it had attempted to make them. The mortgage, therefore, has no significance whatever, except as an incubus upon the property described in it; and we see no reason why plaintiff should suffer from that incubus indefinitely. She is not compelled to wait until the state, through its agents, shall see fit to dissolve the corporation. The question of the existence of the International Indemnity Company as a corporation, either *de jure* or *de facto,* under the general laws of this state is not here involved.

The judgment is reversed, with directions to the court below to overrule the demurrer to the complaint.

Henshaw, J., and Lorigan, J., concurred.