Williams, J.
 

 Many questions were rais'ed on the pleadings, and rulings thereon were assigned as error.
 
 *515
 
 When a decision is made by the trial court on the evidence, and judgment entered accordingly, errors previously committed in passing upon demurrers' to pleadings are unavailing unless prejudicial.
 
 Putnam
 
 v.
 
 Board of Commrs. of Paulding County,
 
 102 Ohio St., 45, 130 N. E., 165;
 
 Yocum, Admr.,
 
 v.
 
 Allen,
 
 58 Ohio St., 280, 50 N. E., 909;
 
 Dayton Ins. Co.
 
 v.
 
 Kelley,
 
 24 Ohio St., 345, 15 Am. Rep., 612.
 

 In the instant case the rulings on the sufficiency of the pleadings were not prejudicial to the defendant, The First National Bank of Findlay.
 

 This is a proceeding under the Uniform Declaratory Judgments Act, Section 12102-1
 
 et seq.,
 
 General Code.
 

 Plaintiff, Joseph N. Schaefer, claims the note for $10,000 given by him to the defendant bank is invalid for want of consideration. Since the trial court found that there was no consideration for the note, the finding must stand if there is evidence to support it. It is therefore necessary to consider only the evidence favorable to the plaintiff.
 

 It appears from such evidence that, when plaintiff was about to renew his indebtedness for $39,600 and $6,200 and receive an extension of time for the payment thereof, the renewal and extension were given and there was an express understanding and agreement that plaintiff would assume the indebtedness of $10,000 owing by The Phoenix Hotel Company, Isadore L. Horn and Florence Stokes Horn to the bank. There is also evidence that the plaintiff gave the $10,000 note for the assumption of such indebtedness and for no other purpose and thereupon three separate notes for $39,600, $6,200 and $10,000 were given with an extension of time on the first two and all three were secured by mortgage.
 

 It is a general rule that an extension, of time is1 a sufficient consideration to support a promissory note,
 
 *516
 
 but
 
 the
 
 application of
 
 this
 
 rule must depend upon the facts of the particular case. If A owes B $2,000 and the payment of indebtedness is extended upon A’s giving to B a note for an additional $1,000 as a bonus or compensation for the extended loan, the promissory note for the additional amount is valid but usurious and the whole indebtedness can be collected only to the extent that the laws of usury permit. On the other hand if A owes B $2,000 on a promissory note and B agrees to extend the time of payment only if A will give to B an additional note for $1,000 in assumption of indebtedness owed to B by a third party, then the additional note is invalid for want of consideration. The reason is1 that B may still maintain an action against the third party on the original indebtedness between them according to the terms thereof, and the additional note of $1,000 is not given as a bonus or compensation for the extended indebtedness. The extension of time must be given upon the indebtedness, which is assumed by the giving of the note, in order to constitute a consideration therefor. If as a part of the agreement between A and B an extension of time is granted to the third party on his indebtedness, or as a part of such agreement the indebtedness owing by the third party is cancelled or if in consideration of the additional note B’s rights against the third party are assigned to A, either absolutely or as collateral security, then there is consideration for the additional note.
 

 In the instant case there was, according to plaintiff’s evidence, a bare assumption of the Horn note by the plaintiff. Plaintiff’s evidence shows there was' no extension of time to the makers of the Horn note, no transfer or assignment of the note by the bank to the plaintiff as collateral or otherwise and no agreement between the plaintiff and defendant that the Horn note should be cancelled or paid upon the giving of the
 
 *517
 
 $10,000 note by the plaintiff. In this state of facts the bank conld still maintain an action on the Horn note against the Horns and was entitled to dividends in the administration of the affairs of the bankrupt hotel company, the claim having been filed.
 

 The finding that there was want of consideration was supported by evidence.
 

 There remains to be considered whether plaintiff was entitled to a declaratory judgment finding that his $10,000 promissory note was invalid for want of consideration.
 

 The action for declaratory judgment is a recognized and accepted remedy in those states in which the Uniform Declaratory Judgments Act is in force as will appear from an examination of the cases cited in the annotation in 114 A. L. R., 1361, and earlier annotations therein referred to.
 

 There is no question as to the power of the Legislature to adopt any form of remedial procedure within constitutional limitations and it has been held repeatedly that acts permitting declaratory judgments are constitutional. On this subject the cases are collected in 16 American Jurisprudence, 278, Section 5.
 

 It might be urged that the constitutional right of trial by jury (Section 5, Article I, Ohio' Constitution) is interfered with in granting a declaratory judgment on findings of fact by the trial court when an issue is presented that is triable by jury.
 

 The Federal Declaratory Judgments Act expressly provides for the impaneling of a jury and the determination of issues of fact triable by a jury. 48 Stats, at L., 955, c. 512; 49 Stats, at L., 1027, c. 829, Section 405; Title 28, Section 400, U. S. Code.
 

 Section 12102-9, General Code of Ohio, provides:
 

 “When a proceeding under this act involves the determination -of an issue of fact, such issue may be tried and determined in the same manner as is'sues of
 
 *518
 
 fact are tried and determined in other civil actions in the court in which the proceeding is pending.”
 

 Clearly this provision preserves the right of trial by jury in an action for a declaratory judgment in all cases in which the right exists.
 

 In the instant case there was no demand for a jury and consequently, if there was a constitutional right to have issues of fact submitted to a jury, the right was waived.
 
 Herrlein
 
 v.
 
 Tocchini,
 
 128 Cal. App., 612, 18 P. (2d), 73;
 
 Holly Sugar Corp.
 
 v.
 
 Fritzler,
 
 42 Wyo., 446, 296 P., 206;
 
 Faulkner
 
 v.
 
 City of Keene,
 
 85 N. H., 147, 155 A., 195.
 

 The query has been raised as to whether the Uniform Declaratory Judgments Act is an alternative remedy. Surely it is not alternative in the sense that the action always lies even though there may he ground for full relief in equity or a suit at law may be maintained. But it is certainly alternative in the sense that it lies notwithstanding another remedy is available, in all those cases in which there is a real controversy between adverse parties in a matter that is justiciable and the court, in the exercise of a sound discretion, finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired or lost. If the remedy through a declaratory judgment does not at least in part fill the. gap between law and equity there would he little purpose in enacting the statutes providing for such procedure. However, in the exercise of its discretion, the court may refuse a declaratory judgment when it deems that rights may be fully protected through other available remedies. For authorities' see • 16 American Jurisprudence, 287, Section 14.
 

 The present action is grounded upon Section 12102-2, General Code, which reads:
 

 “Any person interested under a * * * written contract or other writings constituting a contract, or
 
 *519
 
 whose rights, status or other legal relations are affected by * * * contract * * *, may have determined any question of construction or validity arising under the * * * contract, * * * and obtain a declaration of rights, status, or other legal relations thereunder.”
 

 The language is broad enough to confer on the court jurisdiction that did not exist in a court of chancery. It is a well-known rule that relief in equity will not be granted in eases where there is an adequate remedy at law, and, conversely, if there is an adequate remedy at law equity will not interfere; but surely there is middle ground unreached by the mechanics of common-law and chancery procedure.
 

 The very purpose of Section 12102-2, General Code, is to determine the construction or validity of a contract even in cases in which there is a remedy either in law or equity, if a speedy and immediate adjudication is essential to full protection of rights and interests.
 

 The case at bar presents a situation peculiarly suited to the declaratory remedy. The plaintiff has an opportunity to re-finance his mortgage and the amount which he really owes the defendant is in dispute. He is handicapped if he cannot himself maintain an action to settle the controversy but must wait until the defendant bank sues bn the disputed note or brings an action to foreclose the mortgage and then set up his claim of want of consideration by way of defense. If he must await an action by the defendant he may wait for years during which time re-financing will be deferred and he will, so far as his jural rights are concerned, be suspended as it were in mid-air, there to, remain until a particular person opposed to him in interest takes the first step to relieve him of his predicament. Certainly it would be giving the statute a narrow and unwarranted construction to hold that in a case like the one at bar the plaintiff has no affirmative
 
 *520
 
 remedy through the initiation of an action and can assert his rights only defensively.
 

 In some states courts of equity have given relief against mortgages securing indebtedness invalid for want of consideration;
 
 Rouse
 
 v.
 
 Bolen,
 
 17 Ariz., 14, 147 P., 736;
 
 Henson
 
 v.
 
 Perry County Savings & Loan Assn.
 
 (Mo.), 300 S. W., 1037;
 
 Stevens
 
 v.
 
 Reeves, State Treas.,
 
 138 Cal., 678, 72 P., 346.
 

 In the instant case the mortgage is valid beyond question as to the two notes but there is no reason why some relief should not be given as to the $10,000 note in question here. When the plaintiff pleads all the facts the court should give him the relief he is entitled to, whether in equity or by declaratory judgment; even the prayer is not controlling.
 
 Riddle & Parker
 
 v.
 
 Roll,
 
 24 Ohio St., 572;
 
 Tiffin Glass Co.
 
 v.
 
 Stoehr,
 
 54 Ohio St., 157, 163, 43 N. E., 279;
 
 State, ex rel. Masters,
 
 v.
 
 Beamer,
 
 109 Ohio St., 133, 151, 141 N. E., 851. It should be the accepted doctrine that a declaratory judgment ought not be denied merely because in some measure it involves rights or remedies cognizable in a court of chancery; therefore it is not necessary to inquire further as' to whether equitable relief could be given, for, regardless thereof, in our judgment the trial court did not err in entering the declaratory judgment.
 

 The Court of Appeals held the $10,000 note given by plaintiff was valid but usurious. This conclusion was reached upon the theory, no doubt, that the $10,000 note was given as a bonus or compensation. If the note was given as a bonus or compensation, for forbearance of payment of the prior indebtedness from the plaintiff to the defendant, then the decision of the Court of Appeals is supported by a long line of decisions'; but there is no evidence whatever that the note was given for that purpose. All the evidence of plaintiff is to the effect that it was given in assumption of the Horn note and all the evidence of the defendant
 
 *521
 
 tended to show that it was given in payment -or satisfaction thereof.
 

 It is the conclusion of this court that the record in the trial court is free from prejudicial error and that the Court of Appeals erred in modifying the judgment of the Court of Common Pleas and affirming the judgment as modified. The judgment of the Court of Appeals will therefore be reversed and that of the Court of Common Pleas will be affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman and Myers, JJ., concur.
 

 Dixon, J., not participating.