AUST, Appellant,

v.

OHIO STATE DENTAL BOARD, Appellee.

[Cite as *Aust v. Ohio State Dental Bd.* (2000), 136 Ohio App.3d 677.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–946.

Decided March 21, 2000.

*Frank R. Recker & Assocs. Co., L.P.A., Frank R. Recker* and *Nancy A. Schell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Robert C. Angell,* Assistant Attorney General, for appellee.

BROWN, Judge.

James D. Aust, D.D.S., plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas which granted a motion to dismiss in favor of Ohio State Dental Board ("board"), defendant-appellee.

In October 1998, the board issued a notice of opportunity for hearing to appellant, alleging that he violated certain sections of R.C. Chapter 4715. In December 1998, appellant and the board entered into a consent agreement in which appellant agreed to a ninety-day suspension of his dental license from January 1, 1999 to April 1, 1999. Although no record exists in the file, appellant alleges that his attorney sent a letter to the board, seeking its opinion on permitting another dentist to work in appellant's office during his suspension.

Appellant's counsel then sent a letter to an assistant attorney general regarding the transfer of appellant's practice in order to determine whether appellant would need to file a declaratory judgment action to determine the applicability of the Dental Practice Act outlined in R.C. Chapter 4715. On December 30, 1998, appellant's counsel sent another letter to the assistant attorney general that outlined the transfer and included a draft of the trust agreement. Appellant's counsel also requested that the assistant attorney general inform the board of the trust agreement.

On January 1, 1999, appellant placed his practice into a revocable trust, transferring legal title to his dental practice to a trustee, Mark A. Springer, D.D.S. and Associates, Inc., and naming himself as the sole beneficiary. The trustee then entered into an independent contractor agreement with Jerry Detwiler, D.D.S. The duration of the trust was for the same period as the suspension. During the suspension, the trustee retained appellant to provide management services for the practice, including personnel services, dental equipment ownership, assumption of leases, and performance of clerical and marketing duties.

On January 25, 1999, the board began an investigation to determine if appellant had violated the consent agreement or the Dental Practice Act. The board issued subpoenas to appellant requesting patient records and other documents. Appellant initially failed to comply with the subpoenas, resulting in the board's filing a petition in a separate action to compel production of the subpoenaed records. The Franklin County Court of Common Pleas granted the petition, and appellant eventually produced the requested documents.

On February 8, 1999, appellant filed the present action for declaratory and injunctive relief, seeking a declaration that he was not in violation of the Dental Practice Act and an injunction to stop the board's investigation. On March 10, 1999, the board filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On July 15, 1999, the trial court granted the board's motion to dismiss and entered judgment on August 10, 1999. Appellant appeals the trial court's judgment, asserting the following assignment of error:

"The trial court erred to the prejudice of the appellant by granting the Ohio State Dental Board's motion to dismiss the appellant's complaint without applying the proper standard."

Appellant argues in his assignment of error that the trial court erred in granting the board's motion to dismiss his complaint for declaratory judgment. In order to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Hwy. Patrol* (1991), 60

Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065, citing *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 754–755, In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *York, supra.* In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments contained in the complaint. See *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 784–785, Appellate review of a ruling on such a motion presents a question of law that we determine *de novo* and independently of the trial court's decision. *Bell v. Horton* (1995), 107 Ohio App.3d 824, 826, 669 N.E.2d 546, 547–548,

 A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. See *Arbor Health Care Co. v. Jackson* (1987), 39 Ohio App.3d 183, 186, 530 N.E.2d 928, 931–932; see, also, *Schaefer v. First Natl. Bank of Findlay* (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E.2d 263, paragraph three of the syllabus. The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Ohio Assn. of Life Underwriters, Inc. v. Duryee* (1994), 95 Ohio App.3d 532, 534, 642 N.E.2d 1145, 1146; R.C. 2721.02. All three requirements must be met in order for declaratory relief to be proper.

 The trial court dismissed the complaint on the basis that appellant had another available administrative remedy and because the matter was properly committed to special statutory proceedings. Appellant first argues that a declaratory judgment action is available in this case despite the existence of an alternative administrative remedy under R.C. 4715.03(D) and R.C. Chapter 119. Appellant contends that a declaratory judgment action was proper because the alternate remedy available pursuant to administrative hearing was not "equally serviceable," citing *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 554 N.E.2d 1324, In *Swander Ditch,* the Supreme Court stated that plaintiffs are not required in all cases to exhaust administrative remedies prior to bringing a declaratory judgment action. *Id.* at 135, 554 N.E.2d at 1328–1329, citing *Schaefer, supra,* paragraph four of the syllabus. However, the court noted that declaratory relief is not available where another "equally serviceable" remedy has been provided. *Id.,* citing *Radaszewski v. Keating* (1943), 141 Ohio St. 489, 498, 26 O.O. 75, 78–79, 49 N.E.2d 167, 171, The court in *Swander Ditch* found:

" 'Where an administrative practice requires a party to incur substantial expense to obtain an administrative determination of a question which, standing

alone, would not require such expense, the administrative remedy to determine the question is not equally as serviceable as an action for a declaratory judgment.' " *Swander Ditch* at 135, 554 N.E.2d at 1328, quoting *Burt Realty Corp. v. Columbus* (1970), 21 Ohio St.2d 265, 50 O.O.2d 491, 257 N.E.2d 355, paragraph one of the syllabus.

█ Thus, declaratory judgment is available as an alternative to an unnecessarily onerous administrative remedy. *Id.* In *Swander Ditch,* the court found that the administrative remedy would not have resolved all of the issues and would have required separate appeals. Therefore, the court determined that the administrative remedy was unnecessarily onerous and that the declaratory judgment action was an appropriate alternative because it would resolve all of the issues in one proceeding. *Id.* at 134–135, 554 N.E.2d at 1327–1329, Appellant contends that, like *Swander Ditch,* he will "suffer the onerous burden of responding to an unnecessary investigation, an interference with his practice and patient care, and potential new Board allegations that he breached the terms of his Consent Agreement by 'practicing dentistry' during his suspension. [Appellant] would be forced to produce voluminous records at great expense, which would also seriously interfere with the treatment of patients."

However, we find appellant's argument unpersuasive and the circumstances inapposite to those in *Swander Ditch.* The problem underlying the decision in *Swander Ditch* is not present in the current case. In the present case, unlike *Swander Ditch,* the administrative remedy would have resolved all of the issues and would not have required separate appeals. The issue involved in appellant's declaratory judgment action is the same issue that would have been decided in the administrative proceedings, that is, whether he engaged in practicing dentistry pursuant to R.C. 4715.01 during the time of his suspension.

Further, the administrative remedy in the present case is not unnecessarily onerous. Appellant cannot demonstrate that the administrative proceedings would have necessarily entailed a lengthy or more onerous burden than declaratory judgment proceedings. He also cannot demonstrate that the administrative remedy would have forced him to incur substantially more expense than the declaratory judgment action. Because the issues, time, and expense involved would be virtually the same for both proceedings, we cannot say that the administrative remedy was not an equally serviceable remedy. See *Raceway Park, Inc. v. Ohio State Racing Comm.* (Nov. 6, 1998), Lucas App. No. L–98–1160, unreported, 1998 WL 769792. It is clear that in the present case, declaratory judgment is merely a substitute for the administrative process provided by the legislature in R.C. 4715.03(D) to determine such questions. Because such administrative process is an equally serviceable remedy, declaratory judgment is not available. See, also, *Haig v. Ohio State Bd. of Edn.* (1992), 62

Ohio St.3d 507, 510–511, 584 N.E.2d 704, 707–708; *Friends of Ferguson v. Ohio Elections Comm.* (1997), 117 Ohio App.3d 332, 690 N.E.2d 601.

 The trial court also dismissed appellant's declaratory judgment action on the basis that the matter was committed to special statutory proceedings. In *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 42, 572 N.E.2d 1387, 1388–1389, the Ohio Supreme Court held that an action for declaratory judgment is inappropriate when special statutory proceedings would be bypassed, and a decision granting declaratory judgment in such a situation should be reversed. See, also, *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL–CIO, Local 2243* (1995), 71 Ohio St.3d 620, 623, 646 N.E.2d 813, 815–816, As already set forth above, the legislature has provided a special statutory proceeding applicable to this action. R.C. 4715.03(D) gives the board the power to enforce the provisions of the Dental Practice Act, investigate evidence of any violation of the Act, and conduct disciplinary proceedings. Further, R.C. Chapter 119 provides for an appeal of the administrative proceedings to a court of common pleas by any party adversely affected by any order of an agency. Appellant improperly attempted to bypass these special statutory procedures by filing this declaratory judgment action.

Appellant attempts to make the distinction that the board's actions cannot be considered a "proceeding" because the board had only begun an investigation and no formal administrative proceeding was actually pending. However, nowhere in *Albright* does the court require that the administrative proceeding be currently pending. In *Albright*, the Supreme Court of Ohio held that "it is always inappropriate for courts to grant * * * injunctions that attempt to resolve matters committed to special statutory proceedings * * *." *Id.* at 42, 572 N.E.2d at 1388–1389, Thus, the issue is whether a special statutory procedure has been set forth by the legislature to address a particular type of case, not whether a "proceeding" has actually commenced. See, generally, *State ex rel. Iris Sales Co. v. Voinovich* (1975), 43 Ohio App.2d 18, 19, 72 O.O.2d 162, 163, 332 N.E.2d 79, 80–81, Because the administrative code provides a forum and procedure for determining whether a dentist has violated the Dental Practice Act, the matter is "committed to special statutory proceedings," and the trial court properly dismissed the declaratory judgment complaint.

However, even if we were to find that *Albright* applies only when a special statutory proceeding is currently pending at the time a declaratory judgment action is filed, we find that the investigation initiated by the board is part of the special statutory proceedings set forth in R.C. 4715.03(D). The board had begun investigatory proceedings and issued subpoenas for patient records pursuant to its powers under R.C. 4715.03(D), wherein appellant eventually complied. In addition, these actions by the board constituted the beginning of the special

statutory proceedings delegated to the board pursuant to that section. We also note that if we were to follow appellant's assertion that formal action by the board was necessary to constitute a "proceeding," no justiciable issue or controversy would have existed between the parties at the time appellant filed his declaratory relief action. See *Raceway Park, Inc., supra.* Thus, the investigation by the board in the present case was part of the special statutory proceedings, and appellant was not permitted to bypass the special statutory proceedings by filing a declaratory judgment action. Therefore, appellant's assignment of error is overruled.

For the reasons set forth above, we find that the trial court did not err in dismissing appellant's declaratory judgment action. Accordingly, we overrule appellant's assignment of error, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and McCORMAC, JJ., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.