OPINION
Lynn E. Mack, D.D.S., appellant, appeals the judgment of the Franklin County Court of Common Pleas granting appellees', Ohio State Dental Board ("board"), Donald E. Demkee, D.D.S., Stuart Silverman, D.D.S., William J. Lightfoot, D.D.S., Eleanore Awadalla, D.D.S., Benjamin F. Marsh, Lynda L. Sabat, R.D.H., and Edward Hills, D.D.S., motion for summary judgment, which was converted from a motion to dismiss.
In May 1999, board investigators received information from appellant's husband alleging that appellant was, among other things, an alcoholic. The board initiated an investigation in order to ascertain whether appellant was in violation of the Dental Practice Act, R.C. Chapter 4715. On May 26, 1999, two investigators appeared at appellant's office, informed her of the pending investigation and ordered her to admit herself to Shepherd Hill Hospital, a chemical dependency facility, for an evaluation. Appellant complied and the next day admitted herself into Shepherd Hill in Newark, Ohio. After an initial evaluation, appellant was admitted to an inpatient treatment program. After nearly a month of treatment, a board investigator visited appellant at Shepherd Hill and presented her with a consent agreement offered as an alternative to formal disciplinary proceedings. Appellant signed the agreement on June 24, 1999, the same day it was presented to her. The board ratified it on July 29, 1999.
On September 1, 1999, appellant was discharged from Shepherd Hill, for allegedly violating the facility's internal rules, prior to completing the required treatment. Appellant contacted the board, through counsel, attempting to convince the board that she was in compliance with the agreement or to rescind the agreement. The board refused to authorize appellant to return to her practice, but scheduled the matter for consideration on December 2, 1999. On October 21, 1999, appellant returned to her dental practice without the authority of the board.
The consent agreement stated that appellant was not permitted to practice her profession until reinstated by the board. The agreement also provided that appellant must provide the board with written reports and adequate documentation from an approved provider that she was no longer alcohol dependant, was able to practice dentistry, and that she had completed the required treatment, including aftercare or outpatient treatment, if required.
On October 26, 1999, board investigators contacted a dentist, from whom appellant rented space where she treated patients several days a month, and informed him that appellant was not authorized to practice dentistry. On November 5, 1999, appellant filed her complaint for declaratory judgment, for relief pursuant to Sections 1983, 1985 and 1988, Title 42, U.S. Code, and for preliminary and permanent injunction, alleging that appellees violated her civil and constitutional rights, caused her severe emotional and financial damages, and caused damage to her reputation in the dental community. On November 18, 1999, appellant served a request for admissions on appellees, with responses due in thirty days. On December 16, 1999, the board and its individual members filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), and a motion for stay of discovery and protective order. On February 7, 2000, the trial court granted appellees' motion for stay of discovery and converted appellees' motion to dismiss into a motion for summary judgment. On March 30, 2000, appellant filed a notice of admissions, contending that, because appellees failed to timely respond to her request for admissions, the requests were deemed admitted pursuant to Civ.R. 36(A). On April 6, 2000, the trial court entered its decision granting appellees' motion for summary judgment and denying appellant's notice of admissions. Judgment was entered on May 16, 2000, from which appellant filed this timely appeal.
In her appeal, appellant asserts three assignments of error for our review:
First assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT THE ACTION WAS COMMITTED TO SPECIAL STATUTORY PROCEEDINGS AND THAT AN EQUALLY SERVICEABLE ADMINISTRATIVE REMEDY WAS AVAILABLE.
Second assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT APPELLEES ARE ENTITLED TO ABSOLUTE IMMUNITY AGAINST ALL LIABILITY FOR THEIR ACTIONS.
Third assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT APPELLANT DID NOT HAVE A RIGHT TO HAVE HER ADMISSIONS DEEMED ADMITTED.
A motion for summary judgment may be granted where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the non-moving party. Civ.R. 56(C). Summary judgment is a procedural device designed to terminate litigation where a resolution of factual disputes is unnecessary; however, summary judgment must be granted with caution, resolving all doubts and construing all evidence against the moving party. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
A conclusory assertion that the non-movant does not have sufficient evidence to prove its case will not discharge the movant's initial burden under Civ.R. 56(C). Dresher v. Burt (1996), 75 Ohio St.3d 280. Instead, the movant "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) *** which affirmatively shows that the nonmoving party has no evidence to support that party's claims." Id. at 292-293. The motion for summary judgment must be denied if the movant fails to satisfy its initial burden; however, if the initial burden is met, the non-movant must satisfy its burden as required by Civ.R. 56(E). The non-movant must produce, by affidavit "made on personal knowledge" setting forth "such facts as would be admissible in evidence" or as otherwise provided in Civ.R. 56, specific facts demonstrating a genuine issue for trial. If the non-movant fails to meet its burden, a granting of summary judgment for the movant may be appropriate. Id.
The trial court converted appellees' motion to dismiss into a motion for summary judgment and granted it on the basis that the matter was committed to special statutory proceedings, and because appellant had another available administrative remedy. In her first assignment of error, appellant argues that the matter is not committed to special statutory proceedings under R.C. Chapters 4715 and 119, and that the board does not have jurisdiction over the matters contained in her complaint. She further asserts that the board's administrative hearing does not provide an equally serviceable remedy. We disagree.
In finding that the matter is committed to special statutory proceedings, the trial court relied on the Ohio Supreme Court's decision in State ex rel. Albright v. Delaware Cty. Court of Common Pleas (1991),60 Ohio St.3d 40, and this court's decision in Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677 . In Albright, the court held, at 42, that:
 Courts of appeals have uniformly held that actions for declaratory judgment and injunction are inappropriate where special statutory proceedings would be bypassed. *** However, since it is always inappropriate for courts to grant declaratory judgments and injunctions that attempt to resolve matters committed to special statutory proceedings, their decisions should always be reversed on appeal, except when they dismiss the actions. We find this tantamount to a holding that courts have no jurisdiction to hear the actions in the first place, and now so hold.
In Aust, this court held that, "[b]ecause the administrative code provides a forum and procedure for determining whether a dentist has violated the Dental Practice Act, the matter is `committed to special statutory proceedings,' and the trial court properly dismissed the declaratory judgment complaint." Id. at 683.
R.C. 4715.03(D) states:
 The board shall administer and enforce the provisions of this chapter. The board shall investigate evidence which appears to show that any person has violated any provision of this chapter. Any person may report to the board under oath any information such person may have appearing to show a violation of any provision of this chapter. In the absence of bad faith, any person who reports such information or who testifies before the board in any disciplinary proceeding conducted pursuant to Chapter 119. of the Revised Code is not liable for civil damages as a result of his report or testimony. If after investigation the board determines that there are reasonable grounds to believe that a violation of this chapter has occurred, the board shall conduct disciplinary proceedings pursuant to Chapter 119. of the Revised Code. The board shall not dismiss any complaint or terminate any investigation except by a majority vote of its members. For the purpose of any disciplinary proceeding or any investigation conducted prior to a disciplinary proceeding the board may administer oaths, order the taking of depositions, issue subpoenas, compel the attendance and testimony of persons at depositions and compel the production of books, accounts, papers, documents, or other tangible things. The hearings and investigations of the board shall be considered civil actions for the purposes of section 2305.251 of the Revised Code. Notwithstanding section 121.22 of the Revised Code, proceedings of the board relative to the investigation of a complaint or the determination whether there are reasonable grounds to believe that a violation of this chapter has occurred are confidential and are not subject to discovery in any civil action.
Appellant clearly attempts to bypass the dictates of R.C. 4715.03, and misconstrues the holdings in Albright and Aust above. Appellant argues that the case at bar is distinguishable from Albright and Aust, in that it was filed pursuant to Sections 1983, 1985 and 1988, Title 42, U.S. Code, and that Albright and Aust did not classify cases predicated on the federal Civil Rights Act as being committed to special statutory proceedings. However, we agree with appellees in that the "special statutory proceedings" does not refer to the underlying legal argument; rather, it refers to the statutorily mandated administrative proceeding created by the legislature to govern certain types of actions, such as the Dental Practice Act. Thus, R.C. 4715.03(D) invests the board with authority to enforce the Act in accordance with R.C. Chapter 119. The same rationale applies with regard to appellant's argument whether the validity and enforceability of contracts and the determination whether appellant's constitutional rights have been violated are matters committed to special statutory proceedings. Finally, appellant argues that, because these matters have not been committed to special statutory proceedings, her claims could not be adequately redressed in an administrative forum; however, appellant does not explain why the administrative forum is inadequate. R.C. 4715.03(D) invests the board with authority to enforce the provisions of the Act, investigate allegations of any violations of the Act, and entertain disciplinary proceedings. R.C. Chapter 119 provides the party adversely affected by an order of the board with an appeal to a court of common pleas. See Aust, supra. In this case, appellant improperly attempted to bypass the above special statutory procedures in filing her declaratory judgment action.
Appellant next argues that the board's administrative hearing is not an equally serviceable remedy to an action for declaratory judgment. Appellant contends that a declaratory judgment action was proper despite the existence of an alternative administrative remedy under R.C. 4718.03(D).
Civ.R. 57 states, in relevant part, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." However, declaratory judgment remedy is not always available as an alternative remedy unless the trial court, within its discretion, finds that the action is consistent with the purposes of R.C. 2721.03 (Declaratory Judgment Act). See Schaefer v. First Natl. Bank of Findlay (1938), 134 Ohio St. 511. In Swander Ditch Landowners' Assn. v. Joint Bd. of Huron Seneca Cty. Commrs. (1990),51 Ohio St.3d 131, the Ohio Supreme Court stated that a given plaintiff is not always required to exhaust administrative remedies before bringing a declaratory judgment action. However, the court also held that declaratory relief is not available where another equally serviceable remedy has been provided. Id., citing Radaszewski v. Keating (1943),141 Ohio St. 489. The court in Swander Ditch went on to find that, "`[w]here an administrative practice requires a party to incur substantial expense to obtain an administrative determination of a question which, standing alone, would not require such expense, the administrative remedy to determine the question is not equally as serviceable as an action for a declaratory judgment.'" Swander Ditch, at 135, citing Burt Realty Corp. v. Columbus (1970), 21 Ohio St.2d 265.
In this case, the trial court found that appellant had an equally serviceable administrative remedy through R.C. 4715.03. The court's rationale was based on its conclusion that the issues, time and expenses are virtually the same in both proceedings. Thus, a declaratory judgment is nothing more than a substitute for the administrative proceeding provided by the legislature in R.C. 4715.03.
Appellant contends that the issues involved in her declaratory judgment action are not the same as those to be decided in the administrative proceeding. Specifically, appellant asserts that the issues of whether the board violated her constitutional rights and the validity of the consent agreement are outside the jurisdiction of the board; however, appellant fails to convince this court why these issues could not be raised at the administrative hearing. Appellant also fails to establish that the administrative proceeding contemplated by the board would cause her to expend more of her resources or incur any added expenses. Additionally, appellant is always free to appeal an adverse decision by the board to the court of common pleas pursuant to R.C. Chapter 119. Finally, considering that the administrative hearing was already scheduled at a date bound to be earlier than one to be scheduled for the declaratory judgment hearing, appellant failed to establish an essential element required for declaratory relief. Namely, appellant could not establish that a speedy relief is necessary to the preservation of her rights, or that relief would be more speedy by utilizing the declaratory judgment route. In all likelihood, an administrative action would also be necessary.
We find that the matter is properly committed to special statutory proceedings and that the dental board's administrative hearing is an equally serviceable remedy. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant asserts that the trial court erred in finding that the board members are entitled to absolute immunity for their actions. Appellant contends that board members violated her constitutional rights in authorizing board investigators to begin investigating the complaint filed against her, alleging that she was an alcoholic, and that they were without authority to take disciplinary action against her. Appellant also contends that the board's later approval of the consent agreement violated her constitutional rights because the board knew it was without authority to initiate disciplinary proceedings against her.
Administrative officers performing quasi-judicial functions are afforded absolute immunity from liability for their judicial acts. See Butz v. Economou (1978), 438 U.S. 478. The United States Supreme Court reasoned that, because administrative agency adjudication proceedings have similar safeguards to those in the judicial process, the application of absolute immunity to those officers conducting such proceedings is justified. Id. Courts interpreting Butz have extrapolated a three-part test to determine whether administrative official's actions qualify for absolute immunity: (1) whether the official's functions share the characteristics of the judicial process; (2) whether the official's activities are likely to result in recriminatory lawsuits by disappointed participants; and (3) whether sufficient safeguards exist in the regulatory scheme to control unconstitutional conduct. See Mandelbaum v. New York Mercantile Exchange (S.D.N.Y. 1995), 894 F. Supp. 676.
Appellant argues that Butz and its progeny are inapplicable to this case because her complaints are based on appellees' conduct during an investigation, not during adjudication. We find appellant's argument without merit. We agree with the trial court's finding that the board members' conduct meets the three elements required for application of the doctrine of absolute immunity and, thus, that board members are entitled to judgment as a matter of law. With respect to appellant's argument that her claims are predicated on the board's conduct during an investigation, the United States Supreme Court, in Butz, stated, at 516:
 *** [O]fficials must make the decision to move forward with an administrative proceeding free from intimidation or harassment. Because the legal remedies already available to the defendant in such proceedings provide sufficient checks on agency zeal, we hold that those officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision.
Additionally, we rejected a similar argument in Aust, supra, where we held that "nowhere in Albright does the court require that the administrative proceeding be currently pending. *** Thus, the issue is whether a special statutory procedure has been set forth by the legislature to address a particular type of case, not whether a `proceeding' has actually commenced." Aust, at 683.
Therefore, we find that the investigation initiated by the board against Dr. Mack is part of the special statutory proceedings delegated to it pursuant to R.C. 4715.03(D). We do recognize that the question of immunity was not at issue in Aust; however, the rationale equally applies inasmuch as appellant attempts to disqualify the investigation as part of the adjudication procedures of the board.
Appellant's second assignment of error is overruled.
In her third assignment of error, appellant asserts that the trial court erred in refusing to deem admitted her requests for admissions. The trial court, in an entry rendered on April 6, 2000, denied as moot appellees' motion for status conference and further protective order, and denied appellant's notice of admissions as improperly captioned. The trial court held that an opposing party does not have a right to have its admissions deemed as true, but that decision is within its sound discretion.
On February 7, 2000, the trial court granted appellees' motion for a stay of discovery pending the resolution of the motion for summary judgment or until March 20, 2000. In its order, the court advised that either party is free to renew their discovery activities if the motion for summary judgment is denied on or after March 20th, whichever comes first. Appellant renewed its request for admission on March 21st, and the court granted appellees' summary judgment motion on April 6, 2000. Appellant contends that the stay of discovery order automatically expired on March 20th, appellees were required to answer the admission requests but failed to do so and, thus, that her request for admissions must be deemed admitted. Appellant's contention is without merit.
Pursuant to Civ.R. 36(A), it is within the sound discretion of the trial court to modify the time required for a party to respond to a request for admissions. The trial court modified the time frame involved when it issued its order to stay all discovery activities. On March 21st, appellant renewed her request giving appellees twenty-eight days to provide an answer. Therefore, the trial court's finding that, on April 6, appellees are still within the rules in providing their responses is neither arbitrary nor clearly erroneous. It was reasonable for the trial court to defer the additional expense of a response to the requests for admissions until the summary judgment motion was decided. Appellant's third assignment of error is overruled.
Having overruled appellant's three assignments of error, the judgment of the trial court is affirmed.
PETREE and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.