OPINION
Robert P. Budd, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss in favor of John Kinkela, director of the Ohio Adult Parole Authority ("OAPA"), and Margarette Ghee, chairperson of the OAPA, appellees-defendants.
Appellant is confined at the Chillicothe Correctional Institution. In 1990, he was convicted by a jury of attempted murder with a gun specification. He was sentenced to seven to twenty-five years incarceration, plus three years for the gun specification. Appellant had his first parole hearing on March 24, 1997, with a full board review on April 1, 1997. The OAPA utilizes a parole guidelines manual that consists of a grid in which to place offenders in certain categories when they become eligible for parole. The parole guidelines are revised periodically. Using parole guidelines adopted after appellant's convictions, the OAPA denied appellant parole and continued his next parole hearing until the expiration of his maximum sentence in 2017.
On July 19, 2001, appellant filed a complaint for declaratory judgment and injunctive relief, claiming that the OAPA should have used the parole guidelines that were in effect at the time of his conviction in 1990, and that the OAPA's use of the new parole guidelines violated the ex post facto prohibition, due process, equal protection, the cruel and unusual punishment prohibition, the separation of powers doctrine, and the non-delegation of powers doctrine. Appellees filed a motion to dismiss on August 20, 2001. Appellant then filed a memorandum contra in which he raised a new claim that a contract existed between him and appellees and that appellees breached such contract by applying the revised parole guidelines. The trial court granted appellees' motion to dismiss on December 12, 2001. Appellant appeals the judgment of the trial court, asserting the following five assignments of error:
ASSIGNMENT OF ERROR ON (1):
 The trial court erred when it dismissed Appellant's Complaint for "failure to state a claim[.]"
ASSIGNMENT OF ERROR TWO (2):
 The trial court erred when it failed to address each of Appellant's Issues Presented for Review[.]
ASSIGNMENT OF ERROR THREE (3):
 The trial court erred when it ruled contrary to both fact and law[.]
ASSIGNMENT OF ERROR FOUR (4):
 The trial court erred when it failed to apply any meaningful consideration to Appellee's [sic] obligations under bilateral contractual conditions[.]
ASSIGNMENT OF ERROR FIVE (5):
 The trial court erred when it failed to recognize that the application of the Appellees' "New" parole guidelines violates the Ex Post Facto Clauses[.]
We shall address appellant's first and fifth assignments of error together, as they are related. Appellant asserts in his first assignment of error the trial court erred when it dismissed his action for failing to state a claim upon which relief may be granted. Appellant argues in his fifth assignment of error the trial court erred when it failed to recognize that the application of appellees' "new" parole guidelines violates the ex post facto clause. Appellant filed a complaint for declaratory judgment. A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677,681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Id. at 681. Further, appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. Bridges v. Natl. Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112.
Appellant first asserts that the OAPA's use of different guidelines than were in effect at the time of his conviction violated the ex post facto prohibition of the United States Constitution. We disagree. Under R.C. 2967.03, the parole decision is discretionary. State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125. Appellant cannot claim any right to have any particular set of guidelines apply. Olim v. Wakinekona (1983), 461 U.S. 238, 249, 103 S.Ct. 1741; Tomlin v. Ohio Adult Parole Authority (2002), Franklin App. No. 01AP-807. We have specifically held on numerous occasions that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date, and, thus, any application of amended parole guidelines are not retroactively applied ex post facto. Walker v. Ghee (2002), Franklin App. No. 01AP-960; Wilburn v. Ohio Dept. of Rehab. Corr. (2001), Franklin App. No. 01AP-198; Thompson v. Ghee (2000), 139 Ohio App.3d 195; State v. Caslin (1998), Franklin App. No. 98AP-463. Therefore, appellant was deprived of no protected liberty interest when the OAPA used different guidelines than were effective at the time of his conviction, and he can claim no due process rights with respect to the parole determination. See Jago v. Van Curen (1981), 454 U.S. 14, 20-21,102 S.Ct. 31.
Further, the United States District Court for the Southern District of Ohio has held that parole guidelines are not violative of ex post facto prohibition, stating:
 * * * [C]hanges in the parole matrix or parole guidelines may constitutionally be applied to inmates even though the changes occur after the inmates entered the state prison system. As the Court noted in its previous opinion and order, parole is a discretionary decision, and a state may constitutionally add or delete factors which guide the Parole Board's exercise of its discretion without running afoul of the Constitution. Simply put, an inmate has no vested interest in any particular set of parole guidelines, regulations, or matrices which assist the Parole Board in exercising its discretion, and changes in those matters do not impair any rights enjoyed by state prisoners pursuant to the United States Constitution. Akbar-El v. Wilkinson (1998), S.D.Ohio No. C2-95-472.
The Sixth Circuit Court of Appeals affirmed this finding in Akbar-El v. Wilkinson (C.A.6, 1999), 181 F.3d 99. Thus, this argument is without merit.
Appellant next asserts that the OAPA altered his minimum sentence to be served before being eligible for parole from seven years, as imposed by the trial court, to twenty-five years. Although appellant claims that his minimum sentence was increased to twenty-five years, he misconstrues the nature of the proceedings and the parole process. Appellant's minimum sentence was not affected and remained, and actually still remains to this date, seven years plus three years minus any credits. After he served this minimum sentence, appellant received his first parole hearing, at which he was denied parole, and the matter was continued until the expiration of his maximum sentence, twenty-five years. Thus, it was only his parole eligibility that was extended. Neither appellant's minimum sentence or maximum sentence was increased. See Hill v. Wilkinson (2001), Franklin App. No. 01AP-403. This argument is without merit.
Relatedly, appellant argues the guidelines violate the separation of powers doctrine. Appellant argues the change of his parole eligibility date in fact resentenced him contrary to the sentence imposed by the judicial branch. However, the act of determining parole is not a judicial function, but is purely executive in nature. Rose v. Haskins (1968),388 F.2d 91. Thus, the action of the OAPA in denying appellant parole does not invade the sentencing province of the judiciary and violate the separation of powers doctrine. See Papp v. Ohio Adult Parole Auth. (2002), Franklin App. No. 01AP-892. In imposing sentence, the trial court "had limited power or authority to control the minimum time to be served before the offender's release on parole; the judge could control the maximum length of the prison sentence, but the judge had no power over when parole might be granted in between those parameters." Woods v. Telb (2000), 89 Ohio St.3d 504, 511. The sentence drafted by the legislature and given by the trial court was seven to twenty-five years, plus three years. There has been no resentencing or enlargement of the statutory sentence because of the OAPA guidelines. Thus, this argument is without merit. Therefore, appellant's first and fifth assignments of error are overruled.
We shall address appellant's second and fourth assignments of error together. Appellant argues in his second assignment of error the trial court erred when it failed to address each of his issues presented for review. Appellant argues in his fourth assignment of error the trial court erred when it failed to apply any meaningful consideration to appellees' obligations under bilateral contract conditions. With regard to appellant's second assignment of error, appellant does not point out which claims the trial court did not address, thus failing to fulfill his burden to show error by reference to matters in the record. See App.R. 12(A)(1)(b) and (2); Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
If appellant is referring to his arguments regarding breach of contract, we find that the trial court did not err in failing to address such claims. Appellant's complaint appears to contain no recognizable cause of action for breach of contract. Appellant apparently first raised his breach of contract claim in his memorandum contra appellees' motion to dismiss. Appellant failed to file an amended complaint containing his new breach of contract cause of action, and he could not properly raise it for the first time in his memorandum contra appellees' motion to dismiss. Therefore, the trial court was not required to address this claim.
However, even assuming arguendo that appellant properly brought an action for breach of contract, we find such claim without merit. Appellant maintains that pursuant to contract law, he and the state were bound by a bilateral contract that was formed when the sentencing court pronounced its sentence upon him. Appellant further asserts that by maintaining a good institutional and work-history record, he had an "understanding" the state would adhere to the parole eligibility guidelines in force at the time of his conviction and sentencing.
Initially, we point out that appellant was not found guilty pursuant to a plea agreement, and, thus, even assuming arguendo that appellees would be bound by an agreement entered into by the trial court or prosecutor, appellant may not claim that any written contract exists demonstrating such an agreement. Appellant also does not allege that as part of his sentence he was orally promised the parole guidelines in effect at the time he was sentenced would apply when he was considered for parole. There is also no evidence of any other type of contract, implied or otherwise. Appellant's unilateral expectation that he would be considered for parole pursuant to the parole guidelines in effect at the time of sentencing is insufficient to establish such. See Walker, supra. We adhere to our previous holding in Walker that an inmate has no contractual right to have the parole guidelines in effect at the time of his sentencing apply at the time he was considered for parole, and he has no right to be released on parole prior to the expiration of his maximum sentence. Id. Therefore, appellant's second and fourth assignments of error are overruled.
Appellant argues in his third assignment of error the trial court erred "when it ruled contrary to both law and fact." Specifically, appellant argues that because appellees failed to object, deny, or otherwise answer his "request for admissions" and "request for admissions, genuineness of documents," such requests should be deemed admitted. We disagree. Appellant filed his requests for admissions on July 24, 2001. Appellees filed their motion to stay discovery on August 20, 2001, which was within the twenty-eight days permitted by Civ.R. 36(A) for responses to requests for admissions. Appellees also filed on the same day, August 20, 2001, their motion to dismiss. This court will presume that the trial court impliedly granted appellees' motion to stay while the motion to dismiss was pending. See Brecksville-Broadview Heights Edn. Assn. v. Brecksville-Broadview Heights Bd. of Edn. (1992), Cuyahoga App. No. 60143; see, also, Solon v. Solon Baptist Temple, Inc. (1982),8 Ohio App.3d 347, 351. Although the trial court never ruled on the motion to stay discovery, it was clearly within its discretion to dispense with the entire matter pursuant to the motion to dismiss without ruling on the motion to stay discovery. Because the trial court determined that the matter should be dismissed in its entirety, the pending motion to stay, as well as the pending requests for admissions, became moot. Thus, appellant's third assignment of error is overruled.
Accordingly, we find that the trial court did not err in granting appellees' motion to dismiss. Appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and HARSHA, JJ., concur.
HARSHA, J., of the Fourth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.