OPINION
Plaintiff-appellant, Timothy Woodson, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint for declaratory judgment filed against defendant-appellee, Ohio Adult Parole Authority ("OAPA"). For the reasons that follow, we affirm that judgment.
Appellant is currently incarcerated at the Chillicothe Correctional Institution. In 1989, appellant was found guilty of voluntary manslaughter and sentenced to serve a prison term of 10 to 25 years. After serving almost 11 years of that sentence, the OAPA informed appellant that he would be released on parole effective September 12, 2000. However, on September 11, 2000, the OAPA informed appellant that a petition had been filed against his release, pursuant to R.C. 2967.12(B), and that his release was delayed pending a full hearing. That hearing was held on December 12, 2000, and, after the hearing, the OAPA modified appellant's parole guidelines and denied him parole.
Subsequently, on October 18, 2001, appellant filed the instant action for declaratory judgment, seeking a declaration that he is a parolee and is entitled to immediate release. The OAPA filed a motion to dismiss appellant's complaint, pursuant to Civ.R.12(C), claiming that the complaint failed to state a claim upon which relief could be granted. The trial court agreed and dismissed appellant's complaint. The trial court determined that there was no justiciable controversy and that declaratory judgment could not be used to challenge the OAPA's application of parole guidelines.
Appellant appeals, assigning the following error:
"The trial court erred when it determined that declaratory judgment is not the appropriate remedy to challenge the application of parole guidelines and dismissed appellant's complaint pursuant to Civ.R. 12(C)."
Under Civ.R. 12(C), any party may move for judgment on the pleadings after the pleadings are closed. Civ.R. 12(C) motions are specifically intended for resolving questions of law, and determination of a motion for judgment on the pleadings is restricted solely to allegations in the pleadings. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 166. The party against whom a motion for judgment on the pleadings is made is entitled to have all the material allegations in its complaint, along with all reasonable inferences to be drawn therefrom, construed in its favor as true. Id. Judgment on the pleadings is appropriate only when, viewing the allegations and reasonable inferences therefrom in the light most favorable to the non-moving party, no material factual issues exist and the movant is entitled to judgment as a matter of law. State ex. rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570.
A declaratory judgment action is a civil proceeding that provides a remedy in addition to other legal and equitable remedies. Walker v. Ghee, Franklin App. No. 01AP-960, 2002-Ohio-297, citing Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Aust, supra, at 681. The only reasons that might support dismissal of a declaratory judgment action without considering the merits are if no justiciable issue or actual controversy exists between the parties, or if a declaratory judgment will not terminate the uncertainty or controversy. Wilburn v. Ohio Dept. of Rehab. and Corr. (Nov. 27, 2001), Franklin App. No. 01AP-198. For purposes of a declaratory judgment action, a "justiciable issue" requires the existence of a legal interest or a right, and a "controversy" exists where there is a genuine dispute between parties who have adverse legal interests. Id.
Declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines. Hattie v. Anderson (1994), 68 Ohio St.3d 232, 235. However, appellant does not allege that he was denied parole in a constitutionally impermissible manner. Rather, appellant alleges that, because he was projected to be released on parole, but was then denied parole, he should be declared a parolee and immediately released. However, the trial court properly held that this claim does not raise a justiciable issue.
Ohio law does not give any legitimate claim or right to release on parole before the expiration of a valid sentence of imprisonment. Walker, supra. Under R.C. 2967.03, the parole determination lies within the absolute discretion of the OAPA. Tomlin v. Ohio Adult Parole Auth., Franklin App. No. 01AP-807, 2002-Ohio-370. Because appellant does not allege that his parole was denied for a constitutionally impermissible reason, the OAPA's decision to deny parole is not subject to judicial review and is not a justiciable controversy. Sims v. Ohio Adult Parole Auth. (Nov. 29, 2001), Richland App. No. 01CA36; Helton v. Ohio Adult Parole Auth. (June 26, 2001), Franklin App. No. 00AP-1108; Mayrides v. Ohio State Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035. Appellant does contend that the OAPA improperly applied its guidelines in denying him parole. However, those guidelines are not subject to the declaratory judgment statute. Nobles v. Ohio Dept. of Rehab. Corr. (Dec. 5, 2000), Franklin App. No. 00AP-200. Declaratory judgments are available to determine the applicability of constitutional provisions, statutes and rules. R.C. 2721.03. The OAPA's guidelines are none of the above and, therefore, are not subject to a declaratory judgment action. Nobles, supra; Sims, supra.
To the extent appellant's complaint seeks an entitlement to immediate release, habeas corpus, rather than declaratory judgment, is the proper action for persons claiming entitlement to immediate release from prison. State ex rel. Finfrock v. Ohio Adult Parole Auth. (1998),80 Ohio St.3d 639, 640. In fact, on May 24, 2001, appellant filed a petition for a writ of habeas corpus in the Ross County Court of Common Pleas, claiming that he was being unlawfully restrained of his liberty because of OAPA's decision not to release him from prison. On November 27, 2001, appellant's action in Ross County was dismissed by the trial court, a decision affirmed on appeal. Woodson v. Mohr, Ross App. No. 01CA2643, 2002-Ohio-3706.
In conclusion, because appellant does not allege that he was denied parole for any constitutionally impermissible reason, the OAPA's decision to deny appellant's parole is not subject to judicial review and is, therefore, not a justiciable controversy. Accordingly, the trial court did not err in dismissing appellant's complaint for declaratory judgment. Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and LAZARUS, JJ., concur.
SUMMARY declaratory judgment, parole guidelines, justiciable controversy.