[Cite as *Lehman Bros. Holdings, Inc v. United Petroleum Marketing, L.L.C.*, 2013-Ohio-233.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC. dba LEHMAN CAPITAL, A DIVISION OF LEHMAN BROTHERS HOLDINGS, INC. | JUDGES: Hon. Patricia A. Delaney, P. J. Hon. W. Scott Gwin, J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | Case No. 2012 CA 00060 |
| -vs- | |
| UNITED PETROLEUM MARKETING, et al. | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                                            Pleas, Case No.  2007 CV 02056

JUDGMENT:                                       Affirmed in Part; Vacated in Part

DATE OF JUDGMENT ENTRY:        January 28, 2013

APPEARANCES:

For Plaintiff-Appellee

M. COLETTE GIBBONS
ROBERT M. STEFANCIN
ICE MILLER LLP
600 Superior Avenue East, Suite 1701
Cleveland, Ohio  44114

For Defendants-Appellants

MICHAEL R. BLUMENTHAL
DAVID B. WAXMAN
WAXMAN BLUMENTHAL LLC
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio  44122

*Wise, J.*

**{¶1}**    Appellant Prime Properties Limited Partnership appeals the trial court's February 23, 2012, Order granting the Appellees Thomas E. Pratt and BBP Partners, LLC's  Motion for Discharge and Permanent Injunction.

## STATEMENT OF THE FACTS AND CASE

**{¶2}**    The relevant facts and background are as follows:

**{¶3}**    On May 15, 2007, the Plaintiff in the trial court matter, Lehman Brothers Holdings, Inc., dba Lehman Capital, a Division of Lehman Brothers Holdings, Inc. ("Lehman"), filed a receivership action in connection with a commercial loan given by Lehman to United Petroleum Marketing, LLC.

**{¶4}**    On the same date, in response to Lehman's emergency motion for the appointment of a receiver over approximately 18 gas station properties and other assets secured under the Loan, the trial court appointed Thomas Pratt as Receiver.

**{¶5}**    The trial court also authorized the Receiver to retain certain professionals to assist in the administration of his duties.

**{¶6}**    The court's Appointment Order authorized the Receiver's possession and management of the Properties on behalf of the court, specifically dictating that "upon acceptance of his appointment, the Receiver shall take charge, possession and custody of the Property". Pursuant to this grant of authority, the Receiver and BBP, in their capacity as the court's agents, were charged with collecting rents and selling the Properties. Day-to-day operations of the Properties were conducted by the gas station tenants of UPM at their respective Properties.

{¶7} By Order dated December 16, 2007, the trial court authorized and directed the auction sale of the Properties.

{¶8} The Receiver and BBP sold the gas station Properties pursuant to a Notice of Solicitation of Bids for the Sale of the Assets of UPM and Terms and Conditions of the Auctions, which was approved by the trial court in its Order dated December 10, 2007. Paragraph 18 of that Notice provided:

{¶9} "The Transaction Approval Order shall provide that the Transaction shall be without representations or warranties of any kind, nature or description by the Receiver or his agents, attorneys and representatives. All of the Property shall be transferred 'as is - where is - with all faults'. The Receiver expressly disclaims any warranty of merchantability or fitness for a particular purpose and makes no warranty express or implied, as to the nature, quality, value or condition of any property."

{¶10} On March 3, 2008, Pratt conducted an auction of the properties, wherein Appellant was the successful bidder.

{¶11} On March 7, 2008, the trial court approved the sale of the properties and ordered the sale to close by March 17, 2008.

{¶12} On March 17, 2008, Appellant took title to 16 of the 18 properties. On the same date, Appellant filed a Motion for Instructions with the Trial Court seeking to hold the Receiver liable for costs in closing the sale and transfer of title to the Appellant.

{¶13} On April 7, 2008, a sizable and reportable petroleum release originating from the underground storage tanks occurred at the Clark Road Station, one of the properties included in the receivership.

{¶14} On May 7, 2008, Appellant filed an Addendum to its Motion for Instructions asking the Trial Court for various forms of additional relief including a finding that the Receiver would be responsible for any fines and environmental clean-up costs for fuel leaks or spills which may have occurred at the Properties, and specifically the Clark Avenue station "'covering the period of the receivership, May 15, 2007, to March 17, 2008." *See* Addendum to Motion of Prime Properties for Instructions, p. 2.

{¶15} On May 9, 2009, a hearing was held on Appellant's Motion for Instructions and Addendum to the Motion for Instructions, among other issues. At said hearing, both Appellant and the Receiver presented evidence, including expert testimony regarding the Receiver's actions and obligations.

{¶16} On May 21, 2008, the trial court issued a Judgment Entry denying the Appellant's motions and requests for instruction with one exception: the payment of Two Thousand Five Hundred Dollars ($2,500.00) for a title update. *See* May 21, 2008, Judgment Entry.

{¶17} The trial court denied "any request involving the Clark Road station and any potential release which took place on said property." *See* May 21, 2008, Judgment Entry.

{¶18} Appellant's appeal of the May 21, 2008, Judgment Entry was dismissed as being untimely filed.

{¶19} On October 5, 2011, Pratt and BBP Partners, LLC filed a Joint Motion of Thomas E. Pratt, as Receiver, and BBP Partners, LLC, for a Supplemental Order Granting 1) a Supplemental Discharge of the Receiver and BBP Partners, LLC. and 2) Permanently Enjoining all Persons From Filing any Lawsuit Against the Receiver and

BBP Partners Arising out of the Receivership. The motion, which asked the trial court to issue an order which requested that the trial court:

**{¶20}** 1). discharge Pratt and BBP from liability for claims that arose from their performance in the receivership;

**{¶21}** 2). permanently enjoin all persons from filing any lawsuit against Pratt or BBP arising out of the receivership;

**{¶22}** 3). find that Pratt exercised good faith and reasonable diligence in discharging his duties;

**{¶23}** 4). find that, at all times during the receivership, Pratt acted within the scope of the trial court's orders and did not act as an "owner" or "operator" of any of the properties in the receivership;

**{¶24}** 5). find that, at no point during the receivership, did Pratt engage in acts contrary to the trial court's direction;

**{¶25}** 6). find that Pratt did not engage in any intentional misconduct or negligence in managing the properties in the receivership; and

**{¶26}** 7). find that all receivership funds had been accounted for and terminating the receivership subject to the terms of the Proposed Pratt/BBP Order.

**{¶27}** On October 6, 2011, the trial court granted the Pratt/BBP Motion for Discharge and Permanent Injunction.

**{¶28}** Subsequently, Appellant, through counsel, filed with the trial court both a motion to vacate the trial court's October 6, 2011, order and a motion in opposition to the October 5, 2011, Pratt/BBP Motion for Discharge and Permanent Injunction.

**{¶29}** Appellant argues that because the Petroleum Release occurred at a time when Pratt was the Receiver, Pratt was obligated to report the incident to Ohio's Bureau of Underground Storage Tank Regulations (the "BUSTR") as mandated under law by Ohio Adm.Code 1301:7-9-13, specifically, Ohio Adm.Code 1301:7-9-13(D). Appellant states that the BUSTR determined that Pratt and BBP are the "responsible persons" for the April, 2008, release and that as the "responsible person", Pratt is strictly liable to the State of Ohio for proper clean-up and regulatory site closure. (See R.C. §3737.882, et seq.) Appellant further argues that it was the trial court's intention to specifically exempt the BUSTR from the provisions of that order, to allow the BUSTR to pursue Pratt and BBP as the "responsible persons'' with respect to the Petroleum Release.

**{¶30}** On October 20, 2011, the trial court granted Appellant's motion to vacate and on October 24, 2011, issued an order setting an oral hearing on the Pratt/BBP Motion for Discharge and Permanent Injunction.

**{¶31}** On November 10, 2011, the magistrate held an oral hearing on the Pratt/BBP Motion for Discharge and Permanent Injunction, at which Michael R. Blumenthal, counsel for Prime, personally appeared.

**{¶32}** On January 19, 2012, the magistrate filed her Decision sustaining the Pratt/BBP Motion for Discharge and Permanent Injunction.

**{¶33}** On February 23, 2012, the trial court issued an order granting the Pratt/BBP Motion for Discharge and Permanent Injunction.

**{¶34}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶35} "I. The Trial Court erred in determining that the Receiver was not an "owner" or "operator" of any of the underground storage tanks in the receivership.

{¶36} "II. The Trial Court erred in determining that the Receiver did not engage in any intentional misconduct or negligence in managing and operating the underground storage tanks in the receivership.

{¶37} "III. The Trial Court erred in determining that the Receiver's conduct was within the scope of the Trial Court's orders and consistent with applicable law.

{¶38} "IV. The Trial Court erred in enjoining Defendant, Prime Properties Limited Partnership from bringing statutory federal causes of action under the Resource Conservation and Recovery Act ("'RCRA'") against the Receiver in his official capacity and in his individual capacity.

{¶39} "V. The Trial Court erred in determining that Eleventh Amendment of the United States Constitution protects the Receiver from environmental claims under RCRA.

{¶40} "VI. The Trial Court erred in determining that the safe harbor provisions of RCRA exempt the Receiver from personal liability."

**IV.**

{¶41} For ease of argument, we shall address Appellant's Assignments of Error out of order.

{¶42} In its Fourth Assignment of Error, Appellant argues that the trial court erred in enjoining Appellant Prime Properties Limited Partnership from bringing future statutory federal causes of action against the receiver in this matter. We agree.

**{¶43}** Upon review, we find that the supplemental pleading filed by the Receiver in 2011, requesting that the trial court protect the Receiver from future litigation with regard to actions taken by him in 2007-2008 was in effect a request for an advisory opinion as to all future litigation.

**{¶44}** In Ohio, the need for a justiciable issue arises from the Ohio Constitution. Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters ... as may be provided by law." For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97-98, 296 N.E.2d 261. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." *Texas v. United States* (1998), 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406, citing *Thomas v. Carbide Agricultural Products Co.* (1985), 473 U.S. 568, 580-581, 105 S.Ct. 3325, 87 L.Ed.2d 409

**{¶45}** While Appellees lament the time and cost associated with defending the myriad lawsuits which have sprung up from this matter, "[c]ourts only have the power to resolve present disputes and controversies, but do not have the authority to issue advisory opinions to prevent future disputes."

**{¶46}** Such litigation may occur or may not ever occur. Regardless, if any such litigation does occur and is in fact baseless and/or frivolous, Appellees are not without recourse.

**{¶47}** Based on the foregoing, we find that this issue was not ripe for adjudication and that the trial court erred in issuing what was for all intents and purposes an advisory opinion. We therefore vacate the trial court's injunction as to future litigation.

**{¶48}** Appellant's Fourth Assignment of Error is sustained.

### I., II, III. V, VI.

**{¶49}** We shall address the remainder of Appellant's Assignments of Error together.

**{¶50}** In the remaining Assignments of Error, Appellant argues that the trial court erred in making certain determinations as to the Receiver's conduct during the receivership. We disagree.

**{¶51}** Upon review, we find that the trial court's Order discharging the Receiver in this matter was filed in May, 2008. No appeal was taken from that order. We therefore find that any issues with regard to the receivership are *res judicata*. Under the doctrine of *res judicata*, " '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' *State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 301, 2003-Ohio-861, quoting *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Thus, a final judgment on the merits of an action precludes the parties from re-litigating issues that were or could have been raised in that action. *Trojanski v. George,* Cuyahoga App. No. 83472, 2004-Ohio-2414. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final

judgment. *Southridge Civic Assn. v. Parma,* Cuyahoga App. No. 80230, 2002-Ohio-2748.

**{¶52}** We further find that Appellant herein never filed objections to the Magistrate's Decision. Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). *See, e.g., Stamatakis v. Robinson* (January 27, 1997), Stark App.No. 96CA303. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii).

**{¶53}** However, an appellant's failure to specifically object to a magistrate's decision does not bar appellate review of "plain error." *See, e.g., Tormaschy v. Weiss* (July 6, 2000), Richland App. No. 00 CA 01, citing *R.G. Real Estate Holding, Inc. v. Wagner* (April 24, 1998), Montgomery App. No. 16737.

**{¶54}** We note the doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, rises to the level of "challenging the legitimacy of the underlying judicial process itself." *See Goldfuss v. Davidson,* 79 Ohio St.3d 116, 122, 1997–Ohio–401, 679 N.E.2d 1099.

**{¶55}** Appellant herein, however, does not argue plain error on appeal, and upon review, we are unpersuaded that the trial court's decision in this regard rose to the level of plain error.

**{¶56}** Based on the foregoing, we affirm the decision of the trial court as to any liability on the part of the receiver.

**{¶57}** Appellant's Assignments of Error I, II, III, V, and VI are overruled.

**{¶58}** For the foregoing reasons, the decision of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and vacated in part.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0109

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LEHMAN BROTHERS HOLDINGS, INC.  :
dba LEHMAN CAPITAL, A DIVISION OF  :
LEHMAN BROTHERS HOLDINGS, INC.  :
                                :
     Plaintiff-Appellee          :
                                :
-vs-                       :          JUDGMENT ENTRY
                                :
UNITED PETROLEUM MARKETING,  :
et al.                    :
                                :
     Defendants-Appellants   :          Case No. 2012 CA 00060


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and vacated in part.

Costs assessed to Appellant.


_____

_____

_____

                                JUDGES