[Cite as *Huntsman v. State*, 2017-Ohio-2622.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| CYNTHIA HUNTSMAN, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | : | Hon. Earle E. Wise, Jr, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00206 |
| STATE OF OHIO, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil appeal from the Stark County Court of
                                Common Pleas, Case No. 2016CV01293

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         May 1, 2017

APPEARANCES:

For Plaintiffs-Appellants               For Defendant-Appellee

JOHN JUERGENSEN                         LYDIA ARKO
6545 Market Avenue North                30 E. Broad Street
North Canton, OH 44721                  26th Floor
                                        Columbus, OH  43215

*Gwin, P.J.*

{¶1} Appellant appeals the October 13, 2016 judgment entry of the Stark County Court of Common Pleas granting appellee's motion to dismiss.

*Facts & Procedural History*

{¶2} On September 5, 2012, Ohio enacted the Dangerous Wild Animal Act ("DWA"), R.C. Chapter 935. The law went into effect on January 1, 2014. Under the DWA, no person may possess a dangerous wild animal after January 1, 2014 without a permit from the Ohio Department of Agriculture ("ODA"), unless the owner falls under one of the statute's exceptions. R.C. 935.02; R.C. 935.05(A); R.C. 935.07(A); R.C. 935.101(A). Under R.C. 935.03(B)(10), the permit requirement does not apply to an owner who has been issued a permit under R.C. 1533.08, provided that permit lists each specimen of wild animal that is a dangerous wild animal or restricted snake in the owner's possession.

{¶3} Appellant Cynthia Huntsman ("Huntsman") operates Stump Hill Farm, Inc. ("Stump Hill"), which houses and cares for various animals, including dangerous wild animals. In her complaint, Huntsman alleges that twice in 2014, appellee ODA contacted her because she lacked a permit for these dangerous wild animals. Huntsman informed the ODA she was exempt from the DWA because of a previously-issued permit under R.C. 1533.08. However, the ODA told Huntsman she was not exempt based upon this previously-issued permit as her bald-eagle permit did not cover any of the dangerous wild animals in her possession.

{¶4} On March 3, 2016, the ODA issued a quarantine order to Huntsman pursuant to R.C. 935.20(A), which provides if the ODA believes a person possesses a

dangerous wild animal without a permit, it may quarantine the animals on site and restrict any movement on and off the property. The quarantine order prohibited her from acquiring or removing dangerous wild animals from her premises without approval from the ODA. Huntsman filed a request for a hearing with the ODA as to the quarantine order as provided for pursuant to R.C. 935.20 and R.C. Chapter 119.

{¶5} On May 4, 2016, the ODA obtained a search warrant under R.C. 935.20 for Huntsman's premises from the Stark County Common Pleas Court. On the same day, the ODA executed an administrative order to transfer the dangerous wild animals from Huntsman's property pursuant to R.C. 935.20, which provides the ODA may order the immediate transfer of the animals under an administrative transfer order. The ODA transferred five tigers, two pumas, two baboons, and one chimpanzee from Huntsman's property. Huntsman appealed the transfer order pursuant to R.C. 935.20(D). Her appeal was heard at an administrative hearing held on December 8, 2016.

{¶6} In response to the transfer, Huntsman filed a motion for temporary restraining order and preliminary injunction seeking to block the ODA from enforcing the transfer order and to require the ODA to return the transferred animals to Huntsman's possession. In support of her motion, Huntsman argued she was exempt from R.C. Chapter 935 and should thus not be required to obtain a permit for the animals. Huntsman was granted a temporary restraining order against the ODA by a trial court judge, who ordered the ODA to return the seized animals by May 19, 2016.

{¶7} On May 10, 2016, the ODA sought a writ of prohibition against the trial court judge to prevent him from continuing to exercise jurisdiction over the case in which he granted the restraining order. The ODA argued the trial court judge improperly exercised

judicial power over the underlying action and that his exercise of that power was unauthorized by law. Further, that he patently and unambiguously lacked jurisdiction over transfer orders authorized under R.C. 935.20.

{¶8} On May 18, 2016, the Ohio Supreme Court issued *State ex rel. Director, Ohio Department of Agriculture v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.3d 636. The Supreme Court held that the trial court judge patently and unambiguously lacked jurisdiction to order the return of the dangerous wild animals seized from Huntsman. Further, that the Director of the ODA has exclusive authority to implement and enforce R.C. Chapter 935, including the exclusive authority to order the removal and quarantine of dangerous wild animals being held by an owner without a permit to do so. Thus, the Ohio Supreme Court granted a peremptory writ of prohibition preventing the trial court from exercising any further jurisdiction and ordered the trial court to vacate its previous orders in the case.

{¶9} Huntsman filed a separate complaint with the Stark County Court of Common Pleas on June 1, 2016 against the State of Ohio and the Director of the ODA. According to the complaint, Huntsman had a permit issued under R.C. 1533.08 as of January 1, 2014 ("ODNR permit") and this permit states Huntsman "may possess mammals, a bald eagle, and other non-releasable raptors for educational purposes." A copy of the permit was not attached to the complaint.

{¶10} In the first count of her complaint, Huntsman sought a declaratory judgment pursuant to R.C. 2721.03 that she is exempt from the permit requirements of the DWA based upon her ODNR permit and thus the ODA did not have jurisdiction or authority to issue the transfer order or the quarantine order. In the second count of her complaint,

Huntsman alleged the ODA and State of Ohio violated her Fifth and Fourteenth Amendment rights of the U.S. Constitution because they took her personal property without compensation and without due process due to the fact that she is exempt from the DWA. In the third count, Huntsman similarly alleged the ODA and State of Ohio violated her rights under the Ohio Constitution because they took her personal property without compensation as she was exempt from the DWA.

{¶11} Huntsman requested the following relief in her complaint: a declaration she is exempt from the provisions of Chapter 935 of the Revised Code; a declaration the ODA and State of Ohio violated her rights protected under the United States and Ohio Constitutions; and for a court order requiring the return of the seized animals at the State of Ohio's cost.

{¶12} On July 1, 2016, appellees ODA and State of Ohio filed a motion to dismiss pursuant to Civil Rules 12(B)(1) and 12(B)(6). They argued that, pursuant to *State ex rel. Director, Ohio Dept. of Agriculture v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.2d 636, the ODA has exclusive jurisdiction to deal with all issues arising from the enforcement of the DWA in the administrative process, including whether or not Huntsman is exempt; thus, the trial court lacked subject matter jurisdiction to address whether Huntsman was exempt from the DWA. Further, that administrative orders under the DWA are subject to administrative review and the administrative process is the proper means by which to challenge the administrative order.

{¶13} The ODA and State of Ohio also argued a declaratory judgment cannot be used to create or extend jurisdiction that does not otherwise exist and is not a substitute

for an administrative remedy. Also, that Huntsman failed to exhaust her administrative remedies.

{¶14} Huntsman filed a memorandum in opposition to the motion to dismiss on July 15, 2016. Huntsman argued: *Forchione* is wholly inapplicable to the instant case; this case has nothing to do with the transfer order issued by the State; the trial court had inherent authority to determine its own jurisdiction; statutory interpretation is the function of the judiciary; and she is not required to exhaust her administrative remedies.

{¶15} The trial court held an oral hearing on the motion to dismiss and allowed the parties to submit supplemental briefs after the hearing. The trial court issued a judgment entry on October 13, 2016. The trial court found the Ohio Supreme Court ruled the ODA has the exclusive authority to implement and enforce R.C. 935 and rejected Huntsman's assertion that the *Forchione* case has no bearing on the instant case. Further, the trial court found that because the administrative proceeding in the DWA as set forth in R.C. 935.20 is a special procedure, declaratory relief is inappropriate.

{¶16} The trial court stated Huntsman may raise the applicability of any exemption to the DWA at her administrative hearing and, after this hearing, Huntsman has the right to object to the hearing officer's report, may appeal the Director's order to the Franklin County Court of Common Pleas, and may appeal any trial court ruling to the Tenth District Court of Appeals. Further, if Huntsman had applied for and been denied a wild animal permit, an appeal of that administrative decision by the ODA would be heard in the Stark County Court of Common Pleas pursuant to R.C. 119.12(A). Since Huntsman failed to apply for such a permit, there is no remedy available in the Stark County Court of Common Pleas.

{¶17} The trial court held that under R.C. Chapter 935, the ODA has exclusive jurisdiction over enforcement of the DWA and this jurisdiction includes reviewing the validity of any exemption from the permit requirement. Accordingly, the trial court found it was without subject matter jurisdiction and granted the ODA and State of Ohio's motion to dismiss.

{¶18} Huntsman appeals the October 13, 2016 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶19} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' COMPLAINT FOR DECLARATORY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION."

I.

{¶20} Huntsman challenges the trial court's Civil Rule 12(B) dismissal of her complaint. The motion to dismiss filed by appellees contained both Civil Rule 12(B)(1) and (6) arguments, i.e. issues of subject matter jurisdiction, and the exhaustion of administrative remedies. Our standard of review on a Civil Rule 12(B) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990).

{¶21} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). In order to dismiss a complaint pursuant

to Civil Rule 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991).

**{¶22}** The standard of review for dismissal for want of subject matter jurisdiction pursuant to Civil Rule 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *State ex rel. Bush .v Spurlock*, 42 Ohio St.3d 77, 537 N.E.2d 641 (1989). This determination involves a question of law that we review de novo.

**{¶23}** Huntsman contends the Stark County Common Pleas Court has jurisdiction over the instant case as R.C. 2721.03 specifically grants such jurisdiction to the common pleas court to determine the construction of R.C. 935.03 as it applies to Huntsman. Further, that the trial court has jurisdiction because Huntsman sought a declaration from the trial court that R.C. Chapter 935 does not apply to her because of the exemption language in R.C. 935.03(B)(10).

**{¶24}** A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. *Aust v. Ohio State Dental Board*, 136 Ohio App.3d 677, 737 N.E.2d 605 (10th Dist. 2000). The essential elements for declaratory relief are: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties. *Id.* All three requirements must be met in order for declaratory relief to be proper. *Id.*

**{¶25}** The ODA makes several arguments to why the trial court properly dismissed the complaint. First, the ODA contends the Ohio Supreme Court has already ruled on the issue of who has jurisdiction in *State ex rel. Director, Ohio Dept. of Agriculture v.*

*Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.2d 636. Huntsman argues the *Forchione* case has no bearing on the instant case because this case has nothing to do with the transfer order and deals only with whether she is exempt from the DWA pursuant to R.C. 935.03(B)(10).

{¶26} In May of 2016, the ODA obtained a search warrant under R.C. 935.20 for the Huntsman premises. The ODA then executed a transfer order for several animals on Huntsman's property. In response to the transfer order, Huntsman filed a motion for temporary restraining order and preliminary injunction seeking to block the ODA from enforcing the transfer order and to require the ODA to return the transferred animals to Huntsman. In support of the motion for temporary restraining order and preliminary injunction, Huntsman asserted she was exempt from R.C. Chapter 935 and should thus not be required to obtain a permit for her animals. After the trial court issued an order requiring the ODA to return the animals to Huntsman, the ODA sought a peremptory writ of prohibition from the Ohio Supreme Court, arguing the Stark County Common Pleas Court lacked subject matter jurisdiction with regard to the administration of R.C. Chapter 935.

{¶27} The Ohio Supreme Court first noted that, pursuant to R.C. 935.20, the owner may request a hearing to dispute either a quarantine order or transfer action, and the administrative review includes a hearing, objections, and judicial review under R.C. Chapter 119. *Id.* Further, that only after these remedies are exhausted may the director initiate proceedings for the permanent seizure of the animals. R.C. 935.20(H). *Id.*

**{¶28}** The Ohio Supreme Court found R.C. Chapter 935 is a comprehensive statutory scheme regarding the regulation of wild animals, which vests exclusive authority over such matters to the direction of the ODA. *Id.* The Supreme Court stated:

> We hold that [the trial judge] patently and unambiguously lacks jurisdiction to order the return of the dangerous wild animals seized from Cynthia Huntsman and Stump Hill Farms. Daniels, as director of the ODA, has exclusive authority to implement and enforce R.C. Chapter 935, including the exclusive authority to order the removal and quarantine of dangerous wild animals being held by an owner without a permit to do so.

*Id.* The Supreme Court thus granted the peremptory writ of prohibition preventing the trial court from exercising any further jurisdiction and vacated the previous orders issued in the case. *Id.*

**{¶29}** Though Huntsman argues the instant case is not a collateral attack on the transfer order, the plain language contained in the complaint demonstrates she is attempting to attack the transfer order in this case. In the first count of her complaint, Huntsman avers she is "not subject to the jurisdiction of the State with respect to the quarantine or transfer order because of her properly issued permit" and "the State did not have jurisdiction and/or authority to issue the quarantine order or the transfer order." Further, Huntsman avers the common pleas court had jurisdiction to adjudicate the issues because the State's exclusive jurisdiction over the seizure of dangerous wild animals is not applicable to her. In her prayer for relief, Huntsman sought a declaration that she is exempt from the permitting requirements of the DWA on the basis of her ODNR permit and asked the court for an order requiring the return of the seized animals at the State's

costs.  If the trial court were to issue an order requiring the return of the seized animals, it would be reversing the administrative transfer order.

{¶30}  Further, while a declaratory judgment action may provide an additional remedy which may be granted by a court, R.C. 2721.02 cannot be used to extend the jurisdiction as to the subject matter upon which a court may act.  *State ex rel. Ford v. Ruehlman*, -- N.E.3d ----, 2016-Ohio-3529, citing *State ex rel. Foreman v. Bellefontaine Municipal Court*, 12 Ohio St.2d 26, 231 N.E.2d 70 (1967).  For this reason, a common pleas court cannot use the declaratory judgment statute to decide matters over which it otherwise has no jurisdiction.

{¶31}  Accordingly, we find the Ohio Supreme Court case of *State ex rel. Director, Ohio Dept. of Agriculture v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.2d 636 is dispositive of the issues in this case.  As held by the Supreme Court, the ODA has the exclusive authority to implement and enforce R.C. Chapter 935, including the review of the validity of an exemption from the permit requirement.  *Id.*  R.C. 2721.02 cannot be used to extend jurisdiction to the common pleas court, when the Ohio Supreme Court has determined the common pleas court does not have jurisdiction.  Thus, the trial court did not err in concluding the Ohio Supreme Court's decision in *Forchione* is applicable to this case and it was without subject matter jurisdiction in the instant case.

*Special Statutory Proceeding*

{¶32}  The ODA also contends the trial court did not err in granting its motion to dismiss, as Huntsman failed to state a claim upon which relief can be granted because declaratory judgment is improper where special statutory proceedings would be

bypassed. Huntsman argues the statutory scheme is not bypassed because she seeks a declaration of her rights under the statutory scheme in effect.

{¶33} Pursuant to R.C. 2721.02 and R.C. 2721.03, courts of common pleas generally have jurisdiction to issue a declaratory judgment regarding a question of construction or validity arising under a statute and to declare the rights, status, or legal relations under it. *Burger Brewing Co. v. Liquor Control Commission, Dept. of Liquor Control*, 34 Ohio St.2d 93, 296 N.E.2d 261 (1973).

{¶34} However, the Ohio Supreme Court has held that a court cannot attempt to bypass a special statutory proceeding of an agency that has exclusive jurisdiction over a particular subject matter. *State ex rel. Director, Ohio Dept. of Agriculture v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.2d 636; *State ex rel. Albright v. Court of Common Pleas of Delaware County*, 60 Ohio St.3d 40, 572 N.E.2d 1387 (1991) (holding actions for declaratory judgment are inappropriate where special statutory proceedings would be bypassed); *State ex rel. Smith v. Frost*, 74 Ohio St.3d 107, 656 N.E.2d 673 (1995) (finding where a special statutory procedure like that provided for annexation is available, an action for declaratory judgment cannot be used to bypass the statutory procedure); *City of Galion v. Am. Federation of State, County, and Municipal Employees, Ohio Council*, 71 Ohio St.2d 620, 646 N.E.2d 813 (1995) (holding since Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards, an action in declaratory judgment cannot be maintained).

{¶35} Further, courts of appeals have rejected declaratory judgment actions when a special statutory proceeding is available. *Autumn Health Care v. Todd,* 5th Dist. Muskingum No. CT2014-0020, 2014-Ohio-5851 (finding in R.C. Chapter 3721, the

General Assembly enacted a complete and comprehensive statutory scheme and thus declaratory judgment was inappropriate); *State ex rel. Gelesh v. State Medical Board of Ohio*, 172 Ohio App.3d 365, 2007-Ohio-3328, 874 N.E.2d 1256 (10th Dist.) (finding R.C. Chapter 4731 governing the practice of medicine in Ohio is a special statutory proceeding making a claim for declaratory judgment an improper attempt to bypass the special statutory procedures governing physician discipline and finding R.C. Chapter 119 provides an appeal of the administrative proceedings to the court of common pleas); *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183, 530 N.E.2d 928 (10th Dist. 1987) (finding R.C. 3702 provided a special statutory proceeding to apply for a certificate of need and since the procedure outlined in R.C. 3702 is a specialized procedure, declaratory relief is inappropriate); *Aust v. State Dental Board*, 136 Ohio App.3d 677, 737 N.E.2d 605 (10th Dist. 2000) (finding the Dental Practice Act was a special statutory proceeding and the appellant was attempting to improperly bypass the special statutory proceeding through a declaratory judgment action).

{¶36} In this case, the General Assembly has given to the ODA the exclusive power to regulate dangerous wild animals. As part of the special statutory proceeding, Huntsman can assert she is exempt from the law during the administrative hearing. The issue involved in this declaratory judgment action is the same issue that is being decided in the administrative proceeding. Thus, this declaratory judgment action is merely a substitute for the administrative process provided by the legislature in R.C. Chapter 935 to determine such questions. The administrative process gives Huntsman numerous rights, including notice of the administrative hearing and the right to appear with legal counsel before an impartial decision-maker who conducts a hearing and determines the

admissibility of evidence from both sides. The decision-maker will issue a report and recommendation in writing, to which Huntsman may file objections. Further, R.C. Chapter 119 provides for an appeal of the administrative proceeding to the Franklin County Court of Common Pleas by any party adversely affected by any order of the ODA. R.C. 935.20(D). Huntsman could then appeal any adverse decision to the Tenth District Court of Appeals.

**{¶37}** Accordingly, we find the trial court did not err in determining Huntsman's declaratory judgment action was an improper attempt to circumvent the special statutory proceeding and administrative process.

*Failure to Exhaust Administrative Remedies*

**{¶38}** The ODA contends the trial court did not err in dismissing the complaint because Huntsman failed to exhaust her administrative remedies. Huntsman argues there is no mechanism for her to challenge the denial of her exemption with the ODA, so there was no remedy to exhaust.

**{¶39}** In this case, Huntsman avers in the second and third counts of her complaint that the ODA violated her constitutional rights by taking her personal property without compensation. Such a challenge is an as-applied constitutional challenge, as it alleges that the application of a statute in a particular context in which the party has acted, or proposes to act, would be unconstitutional. *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898. Because an as-applied challenge depends upon a particular set of facts, this type of a constitutional challenge must be raised before the administrative agency to develop the factual record. *Id; Hetrick v. Ohio Dept. of Agriculture*, 10th Dist. Franklin No. 15AP-944, 2017-Ohio-303.

{¶40} Huntsman's constitutional claims must first be raised through the administrative process outlined in R.C. 935.20(D), which provides for an administrative hearing and appeal to the Franklin Court of Common Pleas pursuant to R.C. 119.12. See *Fairview General Hospital v. Fletcher*, 63 Ohio St.3d 146, 586 N.E.2d 80 (1992). In this case, Huntsman seeks a declaration of her constitutional rights in addition to a declaration of her statutory rights under the administrative procedure in the DWA. If Huntsman prevails in the administrative process and obtains a ruling that she is exempt from the DWA and thus the transfer order was improper, her constitutional claims would be rendered moot. Further, as noted by the Tenth District Court of Appeals, where an administrative procedure might provide relief sought without deciding a constitutional issue, the administrative remedy should be pursued first. *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183, 530 N.E.2d 928 (10th Dist. 1987). Further, the DWA has already withstood constitutional challenges based on due process, takings challenges, and free speech in *Wilkins v. Daniels*, 744 F.3d 409 (6th Cir. 2014).

{¶41} The Ohio Supreme Court has also held that an action for declaratory relief is inappropriate when a plaintiff seeks a determination of statutory rights when she failed to exhaust her administrative remedies. *Fairview General Hospital v. Fletcher*, 63 Ohio St.3d 146, 586 N.E.2d 80 (1992). Generally, courts will not entertain proceedings for declaratory relief when "another equally serviceable remedy has been provided for the character of the case at hand." *Swander Ditch Landowners' Assn v. Joint Board of Huron & Seneca County Commissioners*, 51 Ohio St.3d 131, 554 N.E.2d 1324 (1990). The "equally serviceable remedy" in this case is the administrative process contained in R.C. 935.20(D) and further review pursuant to R.C. Chapter 119.

{¶42} In *Autumn Health Care v. Todd*, 5th Dist. Muskingum No. CT2014-0020, 2014-Ohio-5851, the appellant filed a separate declaratory judgment action while an administrative appeal was pending. This Court upheld the dismissal of the declaratory judgment action by the trial court because the appellant failed to fully exhaust its administrative remedies. *Id.* We found that "without a full venting of the administrative remedies, there cannot be an enforceable right, as Ohio requires exhaustion of administrative remedies." *Id.* Further, that until all administrative remedies were exhausted, the appellant did not have a justiciable claim. *Id.*

{¶43} We find this case analogous to *Autumn Health Care*. Huntsman has failed to fully exhaust her administrative remedies and without a full venting of these administrative remedies, Huntsman has no enforceable right. In this case, the declaratory judgment action is merely a substitute for the administrative appeal process provided by the legislature. Additionally, without an exhaustion of administrative remedies, the risk of conflicting judgments or decisions exists. If, during the administrative process, the hearing officer, the Franklin County Court of Common Pleas, and/or the Tenth District Court of Appeals determines the transfer order was invalid due to an exemption and orders the return of the animals to Huntsman, this determination could directly conflict with a decision by the Stark County Common Pleas Court and/or the Fifth District Court of Appeals in the instant declaratory judgment case that could determine the transfer order was valid as an exemption does not apply.

{¶44} Though Huntsman argues her claim pre-dated the transfer order, until the quarantine and transfer orders were issued, there was no administrative action against Huntsman and, until the transfer of the animals on May 3, 2016, Huntsman suffered no

injury. Since there was no administrative action prior to the quarantine and transfer orders, there was not a real controversy presenting issues ripe for judicial resolution, and no justiciable controversy existed until that time. *Lehman Bros. Holdings v. United Petroleum Marketing, LLC*, 5th Dist. Stark No. 2012 CA 00060, 2013-Ohio-233. A claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." *Id.*

**{¶45}** Accordingly, we find the trial court did not err in dismissing Huntsman's complaint for the failure to exhaust her administrative remedies.

*Separation of Powers*

**{¶46}** Huntsman contends the trial court's dismissal of her complaint violates the separation of powers doctrine. We first note that Huntsman did not make this argument to the trial court. Thus, she has waived this argument for purposes of this appeal. *FirstMerit Bank, N.A. v. Shaheen*, 5th Dist. Stark No. 2011CA00079, 2011-Ohio-6146.

**{¶47}** However, even if we were to consider Huntsman's argument, we disagree with her assertion that the trial court's dismissal of her complaint violates the separation of power doctrine. The Ohio Supreme Court has determined the ODA has the exclusive authority over the regulation and enforcement of the DWA. *State ex rel. Director, Ohio Dept. of Agriculture v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.2d 636. Finally, as detailed above, the administrative process includes a review pursuant to Revised Code Chapter 119, which provides the judiciary, through the Franklin County Court of Common Pleas and Tenth District Court of Appeals, an opportunity to review the action.

{¶48} Based on the foregoing, we find the trial court did not err in dismissing Huntsman's complaint. Huntsman's assignment of error is overruled. The October 13, 2016 judgment entry of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur


.